Matthew Abegunde appeals from an amended summary process judgment awarding possession, back rent, and costs to his landlord, Roland Bathory.[2] We affirm.
Abegunde contends that the trial judge abused his discretion by denying his motion for appointment of counsel or, in the alternative, for a continuance of the trial. See E.H. v. S.H., 59 Mass. App. Ct. 593, 597 (2003). Abegunde's motion was neither in writing nor served upon Bathory's attorney before trial. See Rule 6 of the Uniform Summary Process Rules (1993). Instead, the motion was made on the day of trial, long after Abegunde had received notice that Bathory was terminating his tenancy. Abegunde did not represent that he had attempted to retain counsel prior to trial, and he made no attempt -- either below or here -- to explain why he had not yet retained counsel. Notwithstanding, the trial judge initially agreed to continue trial upon Abegunde's payment, in escrow, of the unpaid rent then claimed due. When Abegunde indicated that he could remit only a portion of that amount, the trial judge denied Abegunde's motion.
The summary process procedure is intended to "secure the just, speedy, and inexpensive determination of every summary process action," Rule 1 of the Uniform Summary Process Rules (1980), because " 'time is of the essence' in eviction cases." Hodge v. Klug, 33 Mass. App. Ct. 746, 755 (1992). We see no error in the judge's apparent conclusion that in these circumstances, continuing the trial to allow Abegunde additional time to retain an attorney would frustrate the "design" of the summary process rules, namely, "to bring the case to trial within a prescribed period." Id. at 756.
Amended judgment affirmed.

Because the amended judgment entered nunc pro tunc to January 6, 2017, the date of the original judgment, we deem Abegunde's January 13, 2017, notice of appeal to be both timely and to reference the amended judgment.